## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BRIAN HORSLEY,                              *

      Plaintiff,                        *

      v.                                *          Civil Action No. 8:20-cv-03241-PX

FQSR, LLC, d/b/a KBP FOODS, *et al.*,       *

      Defendants.                       *
                                         ***

## <u>MEMORANDUM OPINION</u>

Pending in this employment discrimination case is Plaintiff Brian Horsley's motion for

partial summary judgment (ECF No. 69); a motion to deny or defer ruling on Horsley's summary

judgment motion (ECF No. 72), filed by Defendant FQSR, LLC, d/b/a KBP Foods ("KBP");

Horsley's motion for leave to file a motion for reconsideration (ECF No. 105);[1] Horsley's

motion for leave to file a motion to vacate (ECF No. 107); two motions for sanctions filed by

KBP (ECF Nos. 86 and 89); KBP's motion to strike Horsley's unauthorized sur-reply (ECF No.

104); and Horsley's motion for leave to file a motion for an extension to respond to KBP's

motion to strike (ECF No. 106).  For the following reasons, Horsley's motion for partial

summary judgment at ECF No. 69 is DENIED; KBP's motion to deny or defer ruling at ECF No.

72 is GRANTED; Horsley's motion for leave at ECF No. 105 is DENIED; Horsley's motion for

leave at ECF No. 107 is DENIED; KBP's motion for sanctions at ECF No. 86 is GRANTED;

KBP's motion for sanctions at ECF No. 89 is GRANTED; the Amended Complaint at ECF No.

27 is DISMISSED with prejudice; KBP's motion to strike at ECF No. 104 is DENIED as

MOOT; and Horsley's motion for leave at ECF No. 106 is DENIED as MOOT.

---

[1] Pursuant to the Court's July 28, 2022 Order, Horsley is required to seek leave of the Court before filing any motion.  ECF No. 92.

I.      **Background**

This case concerns Plaintiff Brian Horsley's termination from Kentucky Fried Chicken in Waldorf, Maryland, where he worked as a cook.  Horsley alleges that KBP, the owner of the restaurant, fired him because of his vision impairments and failed to provide him reasonable accommodations, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*, and Title 20 of the Maryland Annotated Code.  ECF No. 27 ¶¶ 91–111.  KBP answered the Amended Complaint on December 1, 2021.  ECF No. 35.

Thereafter, the Court issued a scheduling order governing discovery, and KBP immediately served on Horsley its requests for production of documents and interrogatories. ECF Nos. 90-1, 90-2, 90-3.  Horsley failed to respond to those requests and instead filed a motion seeking an expedited settlement conference.  ECF No. 44.  In that motion, Horsley also sought additional time to respond to the discovery requests.  *Id.*  Shortly after, on April 12, 2022, Horsley moved for an expedited protective order and "stay" of discovery.  ECF No. 53.

On April 18, 2022, the Court held a recorded telephone conference with Horsley and counsel for KBP to discuss Horsley's lack of compliance with discovery requests and the basis for his requested "stay."  ECF No. 56.  The Court reminded Horsley that, should he wish for his case to proceed, he must participate in the discovery process pursuant to the Federal Rules of Civil Procedure.  *Id.*  The Court also offered to appoint pro bono counsel to assist him in the prosecution of his case.  *Id.*  Horsley agreed.  *Id.*  Accordingly, the Court appointed counsel and denied the pending motions as moot.  ECF Nos. 57–58.

Two weeks later, both Horsley and his appointed counsel sought to terminate her representation.  Horsley voiced that he did not trust appointed counsel to fairly represent his interests.  ECF Nos. 60–61.  The Court granted the motion and, once again, Horsley proceeded

pro se.  ECF No. 62.

Horsley continued not to participate in the discovery process.  But he did move for partial summary judgment in his favor, and separately moved for another expedited protective order and stay of discovery.  ECF Nos. 67 & 69.  In response, KBP moved for the Court to defer ruling or deny Horsley's motion for summary judgment as premature.  ECF No. 72.  KBP submitted an affidavit pursuant to Federal Rule of Civil Procedure 56(d) as to how Horsley's failure to participate in discovery rendered KBP unable to marshal the facts necessary to defend against the summary judgment motion.  ECF No. 72-1.

On May 17, 2022, over a month before discovery was set to close, the Court denied Horsley's second motion for stay and protective order.  ECF No. 71.  The Court expressly warned Horsley—who had yet to respond to any discovery requests—that "[f]ailure to adhere to discovery deadlines or to produce complete and accurate responses or answers will result in appropriate sanctions, including but not limited to fee shifting, adverse evidentiary rulings, preclusion of issues and defenses, dismissal of the Complaint, judgment in Defendants' favor, and contempt findings."  *Id.*  One week later, Horsley noted an interlocutory appeal to the Fourth Circuit of the Order denying his motion to stay discovery.  ECF No. 73.

Meanwhile, KBP pressed Horsley to respond to its outstanding discovery requests.  On May 18, lead counsel for KBP emailed Horsley about his overdue discovery responses, and to propose that Horsley's deposition be scheduled for either June 23 or June 24.  ECF No. 90-5.  Counsel warned Horsley that "[i]f I don't hear from you about which day you prefer, I will simply issue deposition notices for one of those two days."  *Id.*  Horsley did not respond.  Five days later, on May 23, counsel emailed Horsley the notice for his deposition, which required Horsley to appear in person at 9:30 am on June 23, 2022, at the law offices of Fisher & Phillips

3

LLP in Bethesda, Maryland.  *Id.*

Horsley never responded to that email or the notice of deposition.  Instead, on May 27, Horsley propounded his own written discovery requests to KBP by email.  *Id.*  KBP's counsel responded to the email that evening and reminded Horsley that its discovery requests remained unanswered.  Counsel ended the email correspondence by noting that he "plan[ned] on seeing [Horsley]…in Bethesda on June 23 for [his] deposition[]."  *Id.*

In the weeks leading up to Horsley's deposition, KBP asked this Court to intervene in the discovery process.  On June 3, KBP requested permission to file a motion to compel Horsley to respond to its discovery requests.  ECF No. 77.  KBP also separately moved for the Court to vacate the order for a settlement conference scheduled for June 28, 2022, with the United States Magistrate Judge assigned to the matter.  ECF No. 79.  As grounds, KBP expressly stated that Horsley's "complete refusal to participate in the discovery process" eviscerated any hope of settlement.  *Id.* ¶ 10.  The Court granted that motion to vacate the settlement conference.  ECF No. 81.

Horsley next failed to appear for his June 23 deposition, which was scheduled to begin at 9:30 a.m.  Nonetheless, twenty minutes after the deposition was scheduled to begin, Horsley filed another motion to stay discovery during the pendency of his interlocutory appeal.  ECF No. 82; *see also* ECF No. 86-2 (requesting a stay directly from the Fourth Circuit).  Horsley also produced to KBP 29 pages of documents, most of which KBP already possessed, on the last day of the discovery period, June 27.  ECF No. 90 at 12; ECF No. 90-12.  The production, however, was woefully inadequate.  Horsley did not provide written responses or objections to KBP's first set of production requests; he lodged blanket objections to the second set of production requests; and he answered only two of the fourteen interrogatories propounded.  ECF No. 90 at 11–12;

ECF No. 90-10; ECF No. 90-11.

On the same day, KBP also served its responses to Horsley's discovery requests.  ECF No. 90-15.  KBP has produced evidence that it attempted to share its discovery responses via email with Horsley through the iManage Share file transfer site.  ECF No. 101-1.  Horsley claims to have never received the documents.  ECF No. 97-15.

Despite failing to respond adequately to KBP's discovery requests, Horsley found time to file nine motions between the Court's first scheduling order on January 20 and the close of discovery on June 27—including seven motions in May and June alone.  Most of these motions were meritless and the Court denied all but one of them—a motion for extension of time to respond to KBP's motion to deny or defer ruling on summary judgment (ECF No. 76).  In a July 28 Letter Order, which resolved six of Horsley's outstanding motions, the Court took the extraordinary step of curtailing Horsley's ability to file new motions without leave of Court.  ECF No. 92.  As grounds, the Court noted that Horsley had previously filed "frivolous motions in rapid succession which have clogged the docket and wasted judicial resources," and which illustrated his "inability" or "unwillingness to comply with the Federal Rules of Civil Procedure and this Court's Local Rules . . . ."  *Id.*

After the close of discovery, KBP filed two sanctions motions.  The first, brought pursuant to Rule 37(d), asks that Horsley pay "reasonable expenses" associated with his failure to appear for his own deposition.  ECF No. 86.  The second asks this Court to dismiss the action as sanction for Horsley's "contumacious and persistent failure to participate in and/or meet his discovery obligations."  ECF No. 89.[2]  Horsley filed his consolidated opposition to both sanctions motions on August 20, ECF No. 97, and KBP replied on September 2, ECF No. 99.

---

[2] KBP filed this motion after the Fourth Circuit issued its decision denying Horsley's interlocutory appeal of this Court's Order denying a stay of discovery.  ECF No. 88.

Horsley next moved for leave to file a supplemental response to KBP's sanctions motions, ECF No. 100, which the Court denied, ECF No. 102.  But Horsley ignored the Court and filed an unauthorized "amended response."  ECF No. 103.  KBP moved to strike Horsley's amended response, ECF No. 104, and Horsley sought leave to file a motion for an extension to reply to KBP's motion to strike, ECF No. 106.

Most recently, Horsley sought leave to file two additional motions.  On September 23, he asked the Court for leave to file a motion for reconsideration of the Court's Order at ECF No. 102 extending the dispositive motions deadline.  ECF No. 105.  And on October 31, Horsley sought leave to file a motion to vacate the Court's scheduling orders at ECF Nos. 43, 71, and 92.  ECF No. 107.  In short, despite Horsley's near complete failure to participate in discovery, he has found the time and resources to file *15* separate motions since the Court's scheduling order issued in January.

## II.   Analysis

Given the tortured path Horsley has taken with his case, the Court will attempt to address the motions in logical, if not chronological, order.

### A.  Horsley's Motion for Summary Judgment

Before responding to any of KBP's discovery requests or serving his own discovery requests, Horsley moved for summary judgment in his favor on the disability discrimination and accommodations claims.  ECF No. 69.[3]  KBP argues that it cannot meaningfully oppose the motions without first obtaining some basic, and self-evident, discovery on the nature and extent of Horsley's disability and whether he could perform essential job functions with requested accommodations.  ECF No. 72.  Because KBP has demonstrated that Horsley's failure to

---

[3] Although the motion is styled as one for "partial" summary judgment, Horsley appears to seek full judgment in his favor on his disability related claims.

participate in the discovery process renders the corporation unable to meaningfully respond to Horsley's motion, the summary judgment motion must be denied.

Summary judgment is appropriate when the Court, viewing the evidence in the light most favorable to the non-moving party, finds no genuine disputed issue of material fact, entitling the movant to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).  Importantly, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery."  *Sager v. Hous. Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 542 (D. Md. 2012) (quoting *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)).  If a nonmovant provides, by affidavit or declaration, specific reasons that "it cannot present facts essential to justify its opposition," the court may deny or defer consideration of the summary judgment motion, or allow additional time for discovery.  Fed. R. Civ. P. 56(d).  The "non-movant must provide 'a reasonable basis to suggest that [the requested] discovery would reveal triable issues of fact.'"  *Agelli v. Sebelius*, No. DKC 13-497, 2014 WL 347630, at *9 (D. Md. Jan. 30, 2014) (quoting *McWay v. LaHood*, 269 F.R.D. 35, 38 (D.D.C. 2010)).

Here, KBP has demonstrated that it diligently sought but did not receive the most basic of discovery.  As KBP's counsel attests, it requested relevant discovery proportionate to Horsley's claims.  ECF No. 72-1.  Horsley provided almost none of the requested information.  Horsley also did not sit for his deposition.  And throughout, Horsley's baseless insistence that discovery is not "appropriate" in this matter provides no sound reason for his refusal to participate in the process.  *See, e.g.*, ECF Nos. 103-7, 107-1.  In light of this, Horsley's last-minute production of 29 pages of documents, much of which had already been incorporated into the Amended

Complaint, did not adequately respond to KBP's discovery requests.  ECF No. 90 at 12; ECF No. 90-12.  Because Horsley's refusal to participate in discovery has thwarted KBP's ability to respond to Horsley's request for summary judgment, the motion is denied.

### B.   Horsley's Motions for Leave to File Motions to Reconsider and Vacate

The Court next disposes of Horsley's motions for leave to file a motion to reconsider (ECF No. 105) and motion to vacate the scheduling orders (ECF No. 107).  As an initial matter, Horsley failed to comply with the Court's order to file *only* a one-page letter requesting leave before filing the motion itself.  ECF No. 92.  Instead, Horsley filed one-page letters requesting leave and attached the motions to the letters.  Nonetheless, even considering the substance of the letters and the underlying motions, Horsley's requests are meritless.

Horsley asks the Court to reconsider its order at ECF No. 102, which extended KBP's time to respond to the merits of Horsley's summary judgment motion until after the Court addressed Horsley's refusal to participate in discovery.  ECF No. 105-8.  Horsley argues generally that he is "prejudiced" by this extension but does not explain how he is prejudiced.  *Id.* Horsley simply does not provide any rejoinder to the Court's need to impose some order on an unruly docket of his own making.  *Id.*  The motion is denied.

Similarly, Horsley's motion to vacate the scheduling orders in this case lacks merit.  ECF No. 107.  Throughout this case, including in this motion, Horsley has insisted that discovery is "not appropriate," despite this Court's clear pronouncement to the contrary.  ECF No. 107-1. Not only is Horsley's request without support, but it also illustrates his stubborn refusal to participate in the discovery process as required under the Federal Rules of Civil Procedure.  The Court accordingly denies Horsley's request for leave to file a motion to vacate.

The Court next turns to KBP's motions for sanctions.

### C.  KBP's Sanctions Motion for Deposition Expenses

KBP moves for sanctions under Federal Rule of Civil Procedure 37(d) for Horsley's failure to attend his own deposition.  ECF No. 86.  A court may, on motion, order sanctions against a party that fails to appear for his own deposition after being served with proper notice. Fed. R. Civ. P. 37(d)(1)(A)(i).  If sanctions are proper, the non-participating party must pay "reasonable expenses, including attorney's fees, caused by the failure" to appear for the deposition. Fed R. Civ. P. 37(d)(3).  In determining the propriety of sanctions under Rule 37, courts consider four nonexclusive factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of noncompliance, and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte–Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001).

The Court concludes that Horsley's failure to appear for his deposition merits Rule 37 sanctions.  KBP has demonstrated that its counsel and Horsley routinely communicated about the case through email.  ECF No. 90-5.  KBP further attempted to negotiate with Horsley regarding the time and place of the deposition, but Horsley did not respond.  ECF No. 86-1 at Exhibit A. KBP informed Horsley that his failure to respond would leave KBP no choice but to notice the deposition unilaterally, which ultimately it did.  *Id.*  Last, KBP's counsel stated, in response to an email in which Horsley served his own discovery requests, that he would see Horsley at his deposition, which Horsley never indicated he would not attend.  ECF No. 90-5.  Yet within twenty minutes of the deposition's start time, Horsley filed a motion asking the Court to "stay" discovery.  ECF No. 82.  From this, the Court concludes that Horsley not only knew of his scheduled deposition but had already decided he would not post.

Relatedly, the Court simply does not credit Horsley's mere assertion that KBP never sent him a notice of deposition.  ECF No. 97-15.  KBP had not only emailed Horsley the notice, but repeatedly reminded him of the same.  ECF Nos. 86-1, 90-5.  Horsley's clear failure to participate in the deposition is one taken in bad faith.  Thus, the first factor counsels in favor of sanctions.

That said, the lion's share of KBP's expenses for which it now seeks reimbursement as sanction are the product of ill-conceived business choices that cannot be laid at Horsley's feet.  Fed R. Civ. P. 37(d)(3).   KBP had been keenly aware in advance of the deposition that Horsley generally refused to participate in discovery.  KBP, thus, could have arranged for its local counsel in Bethesda to conduct the deposition, or for KBP's lead counsel, who is based in Kansas City, Missouri, to depose Horsley virtually.  KBP instead elected to fly its lead counsel to Bethesda and run the very great risk that Horsley would fail to appear.  Predictably, the expenses surrounding that decision were prodigious: a $997 airline ticket, a $341 one-night hotel stay, and $208 of Uber fares.  ECF No. 86-1 at Exhibit C.

The time and expense lead counsel invested in "preparing" for a deposition of one former employee with a limited set of claims were also outsized.  Lead counsel, a practicing attorney for 35 years, billed a whopping 15 hours to prepare, during which time he conferred with other counsel, reviewed "documents," and drafted a lengthy outline.  *Id.* at Exhibit B.  Nor did counsel take any measures in mitigation, such as seeking Court assistance when Horsley did not appear for the deposition at 9:30 a.m.  Had counsel contacted the Court to seek emergency relief, the Court could have at least attempted to impress upon Horsley the need to sit for his deposition, and perhaps arrived at a far more cost-effective resolution.

Accordingly, as to the "prejudice" KBP claims from Horsley's nonappearance, much of it

Case 8:20-cv-03241-PX   Document 109   Filed 11/07/22   Page 11 of 14

likely could have been mitigated or avoided altogether.  Given this, the Court cannot see how placing those costs on an indigent, pro se plaintiff represents a just sanction.

That said, Horsley did knowingly fail to appear for a properly noted deposition.  The Court takes Horsley's refusal to be deposed into account when deciding whether dismissal of the Amended Complaint is proper.  *See infra.*  The Court also finds that Horsley must pay the court reporter cancellation fee as a separate sanction to address particularly his willful failure to attend the deposition.  Given Horsley's limited financial means, this sanction is sufficiently steep to address the Rule 37 factors.  KBP's motion for sanctions is therefore granted, and Horsley will be ordered to reimburse KBP $200 for cancelled reporter costs.[4]

### D.  KBP's Sanctions Motion for Dismissal

KBP's second sanctions motion seeks dismissal under Federal Rules 37 and 41(b) for Horsley's failure to participate in discovery.[5]  Rule 37(b) provides that a court may "dismiss [ ] the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b).  Similarly, under Rule 37(d), a Court may order appropriate sanctions, including dismissal, if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."  Fed. R. Civ. P. 37(d).  Rule 41(b) also provides that the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with ... a court order."  Fed. R. Civ. P. 41(b).

However, "only the most flagrant case, where the party's noncompliance represents bad

---

[4] The Court will not order Horsley to pay the cancellation fee for the videographer.  The Federal Rules of Civil Procedure do not require the videotaping of a deposition.  This is a luxury KBP elected to secure, and it must bear the cost of its splurge.

[5] KBP also asks the Court to enter judgment in its favor but fails to explain why this sanction is necessary in addition to dismissal; indeed, its brief primarily focuses on why dismissal is warranted.  Accordingly, the Court declines to consider this request.

faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav. and Loan Ass'n v. Richards & Assocs., Inc*., 872 F.2d 88, 92 (4th Cir. 1989).  The Court must consider the same four factors outlined above to ascertain the propriety of dismissal as a sanction: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Belk*, 269 F.3d at 348.  Dismissal under Rule 41(b) similarly requires courts to consider "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990).  The Court will combine the two tests in determining if dismissal is appropriate under Rules 37 and 41(b) because the legal standards for dismissal under both rules are "virtually the same." *Taylor v. Fresh Fields Mkts., Inc.*, No. 94-55-C, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996) (quoting *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400 (4th Cir. 1994)).

First, the Court easily concludes that Horsley's bad faith refusal to participate in discovery cuts in favor of dismissal.  Horsley flatly did not respond to *any* of KBP's discovery requests for over five months, and instead filed a litany of frivolous motions.  Likewise, Horsley's last-minute production of 29 pages of documents was far too little too late.  Of KBP's 14 interrogatories, propounded several months prior, Horsley failed to answer most of them. ECF No. 90 at 12.  Nor did he ever provide written responses to KBP's first requests for production or sit for a deposition.  *Id.*  Such conduct, even for a pro se litigant, is inexcusable.

Similarly, the prejudice KBP incurred cuts in favor of dismissal.  Horsley failed to

provide KBP with medical information that it needed to ascertain the nature of Horsley's disability and the extent to which he could have performed his job with reasonable accommodations.  Such evidence is "material" and "goes to the heart of" Horsley's ADA claims, and Horsley's failure to provide it causes such severe prejudice to KBP as to warrant dismissal. *Lance v. Megabus Ne., LLC*, No. PWG-16-3459, 2017 WL 3480800, at *3 (D. Md. Aug. 14, 2017).

Moreover, Horsley continued to ignore his obligations even after being explicitly warned by written order on May 17 that "[f]ailure to adhere to discovery deadlines or to produce complete and accurate responses or answers will result in appropriate sanctions, including but not limited to…dismissal of the Complaint."  ECF No. 71; *see also* ECF No. 56 (instructing Horsley of his discovery obligations during a recorded call).  Non-compliance with court orders is precisely the type of misconduct that sanctions are intended to deter.  *See Van Gorkom v. Deutsche Bank*, WDQ-04-2802, 2007 WL 5065533, at *2 (D. Md. July 12, 2007) ("Tolerating contempt of the Court's orders and the Rules 'place[s] the credibility of the [C]ourt in doubt and invite[s] abuse.") (quoting *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989)).

In the end, Horsley's refusal to take heed supports that any sanction less drastic than dismissal would be inadequate.  *See Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 225 (4th Cir. 2019) ("[G]iving notice is an aspect of fairness in procedure that might relate to the ultimate fairness of imposing any sanction.").  This is especially so given Horsley's repeated insistence that discovery is "not appropriate for this matter," even after Court orders made the contrary quite clear.  ECF No. 103-7 at 5; *see also* ECF No. 107-1 at 2.  To be sure, the Court does not dismiss cases as a sanction lightly and reserves this "extreme sanction" for the most "flagrant cases."  *Mut. Fed. Sav. and Loan Ass'n*, 872 F.2d at 92.  The Court is particularly hesitant to

issue this sanction to a pro se litigant, and it appreciates the challenges that pro se litigants face in navigating a civil lawsuit.  But Horsley's pro se status "does not excuse participation in discovery or compliance with the requirements of the Federal Rules." *Thompson v. Wash. Metro. Area Transit Auth.*, No. GJH-18-822, 2019 WL 5309627, at *2 (D. Md. Oct. 21, 2019) (internal citation omitted).

Horsley has disregarded not only the Federal Rules of Civil Procedure but also clear orders of the Court.  Horsley's unwillingness to comply with his discovery obligations illustrates the type of "callous disregard for the authority of the district court and the Rules" for which dismissal is warranted.  *Mut. Fed. Sav. and Loan Ass'n*, 872 F.2d at 92.  Such non-compliance must be firmly deterred.  Accordingly, the Court grants KBP's motion for sanctions at ECF No. 89 and dismisses Horsley's Amended Complaint with prejudice.[6]

## III.    Conclusion

Based on the foregoing, Horsley's motion for summary judgment is denied and KBP's motion to deny or defer ruling on Horsley's summary judgment motion is granted.  Horsley's motions for leave to file motions to reconsider and vacate are denied.  KBP's sanctions motions are granted, and Horsley's Amended Complaint is dismissed with prejudice.

A separate Order follows.

11/7/2022                                                                    /S/
Date                                                         Paula Xinis
                                                             United States District Judge

---

[6] The Court denies as moot KBP's motion to strike Horsley's unauthorized sur-reply to KBP's sanctions motion at ECF No. 103.  ECF No. 104.  Even considering the substance of Horsley's sur-reply, it does not change the Court's decision on the propriety of sanctions.  The Court also denies as moot Horsley's motion for leave to file a motion for an extension to respond to KBP's motion to strike.  ECF No. 106.